Justice Stevens,
concurring.
When Fernando Belmontes was sentenced to death in 1982, California Penal Code § 190.3(k)* conveyed the unmistakable message that juries could not give any mitigating weight to evidence that did not extenuate the severity of the crime. See Ayers v. Belmontes, 549 U. S. 7, 27 (2006) (Stevens, J., dissenting). The trial judge who presided at Belmontes’ sentencing hearing so understood the law, and his instructions to the jury reflected that understanding. See id., at 33-34. It was only later that both the California Supreme Court and this Court squarely held that a jury-must be allowed to give weight to any aspect of a defendant’s character or history that may provide a basis for a sentence other than death, even if such evidence does not “‘tend to reduce the defendant’s culpability for his crime.’ ” Id., at 28 (quoting Skipper v. South Carolina, 476 U. S. 1, 11 (1986) (Powell, J., concurring in judgment)).
*29 The testimony adduced at Belmontes’ sentencing hearing described his religious conversion and his positive contributions to a youth rehabilitation program. Neither his own testimony, nor that of the two ministers and the other witnesses who testified on his behalf, made any attempt to extenuate the severity of his crime. Their testimony did, however, afford the jury a principled basis for imposing a sentence other than death. See Ayers, 549 U. S., at 29-31 (Stevens, J., dissenting). A review of the entire record, especially the colloquy between six jurors and the trial judge, makes it clear to me that “the jury believed that the law forbade it from giving that evidence any weight at all.” Id., at 36-39. I therefore remain convinced that in its initial review of this ease, the Court of Appeals correctly set aside Belmontes’ death sentence.
The narrow question that is now before us is whether the additional mitigating evidence that trial counsel failed to uncover would have persuaded the jury to return a different verdict. The evidence trial counsel might have presented hardly matters, however, because in my view the conscientious jurors’ mistaken understanding of the law would have prevented them from giving that additional evidence “any weight at all,” id., at 39, let alone controlling weight. Despite my strong disagreement with the Court’s decision to review this case once again, I nevertheless agree with the Court’s conclusion that trial counsel’s failure to present additional mitigating evidence probably did not affect the outcome of the trial.

Cal. Penal Code Ann. §190.3(k) (West 1988).